CLERK'S OFFICE
A TRUE COPY
Jan 06, 2021
s/ JeremyHeacox
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

In the Matter of the Search of )
*(Briefly describe the property to be searched or identify the person by name and address)* )
) Case No. 20-M-509 (SCD)
Antonio L. Stewart )
DOB XX/XX/1980, USMS No. 17346-089 )
)

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Antonio L. Stewart, DOB XX/XX/1980, USMS No. 17346-089

located in the Eastern District of Wisconsin, there is now concealed *(identify the person or describe the property to be seized)*:

Saliva and epithelial cells (to be taken via a buccal swab).

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(c) | Felon in possession of a firearm, and possession of a firearm in furtherance of drug trafficking |

The application is based on these facts:
see attached affidavit

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Kathrine L. Karlsen*
Applicant's signature

Kathrine L. Karlsen, FBI Special Agent
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone *(specify reliable electronic means)*.

Date: 1-6-21

*Stephen C. Dries*
Judge's signature

City and state: Milwaukee, WI      Stephen C. Dries, U.S. Magistrate Judge
Printed name and title

# AFFIDAVIT IN SUPPORT OF SEARCH WARRANT
# FOR BUCCAL DNA FROM ANTONIO L. STEWART

Your affiant, Kathrine L. Karlsen, being first duly sworn on oath, deposes and says:

**A.     BACKGROUND**

1. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been since May of 2019. I have been assigned to the Southeastern Wisconsin Regional Gang Task Force since October of 2019. Prior to being employed as a Special Agent with the FBI, I was employed as a Staff Operations Specialist for the FBI for approximately nine years. I am an investigator or law enforcement officer of the United States within the meaning of 18 U.S.C. Section 2510(7), in that I am empowered by the law to conduct investigations of and to make arrests for federal felony arrests.

2. As a Special Agent, I have participated in the investigation of narcotics-related offenses, resulting in the seizure of illegal drugs, weapons, United States currency, and other evidence of criminal activity. As a narcotics investigator, I have interviewed many individuals involved in drug trafficking and have obtained information from them regarding acquisition, sale, importation, manufacture, and distribution of controlled substances. Through my training and experience, I am familiar with the actions, habits, traits, methods, and terminology used by the narcotics traffickers and abusers of controlled substances. I have participated in all aspects of drug investigations, including physical surveillance,

1

execution of search warrants, undercover operations, court-ordered wiretaps, analysis of phone and financial records, and the arrests of numerous drug traffickers. I have also been the affiant of search warrants. Additionally, I have spoken with other experienced narcotics investigators on numerous occasions concerning the method and practices of drug traffickers and money launderers. Through these investigations, my training and experience, and conversations with other law enforcement personnel, I have become familiar with the methods used by drug traffickers to manufacture, smuggle, safeguard, and distribute narcotics, and to collect and launder trafficking-derived proceeds. I am further aware of the methods employed by major narcotics organizations to thwart any investigation of their illegal activities.

3. I am currently engaged in the investigation of Antonio L. STEWART (STEWART) (XX/XX/1980) for violations of Title 21, Untied States Code, Section 841(a)(1) (distribution of and possession with the intent to distribute controlled substances); Title 18, United States Code, Sections 922(g)(1) (possession of a firearm by a felon); and 924(c) (possession of a firearm in furtherance of a drug trafficking crime).

**B. FACTUAL BASIS FOR AFFIDAVIT**

4. The facts in this affidavit come from my personal observations, my training and experience, my review of documents, and information obtained from other law enforcement agents and witnesses. This affidavit is intended to show

merely that there is probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

**C.     PROBABLE CAUSE**

5.     On January 7, 2020, law enforcement obtained a warrant to search 2236 N. 16th Street in Milwaukee, Wisconsin, the lower level of a two-story duplex. The warrant was based upon observations by an anonymous citizen and a known citizen about drug dealing occurring at the house; police surveillance of the house at which the officers saw individuals walk into the house for a few minutes then leave; confidential informant (CI) statements that several male and female subjects were dealing crack cocaine, cocaine, heroin, and marijuana from the residence; and a CI controlled buy for a user amount of crack cocaine from the residence. The CI further stated that "users" would walk to the front window of the residence, knock and ask for "Poochie," and a male or female subject would let the users into the living room from the front door. According to the CI, the CI had observed a male subject at the door to 2236 N. 16th Street distributing narcotics while armed with a black handgun with an extended magazine.

6.     Later than same day, January 7, 2020, a then-unknown individual fired shots into a house on the same block as the 2236 N. 16th Street residence. Law enforcement received information that a witness observed the shooter go into 2236 N. 16th Street residence after the shooting.

3

7. The shooting prompted an earlier than planned execution of the previously obtained search warrant for 2236 N. 16th Street. More specifically, on January 8, 2020, the warrant was executed at 2236 N. 16th Street in Milwaukee, Wisconsin.

8. At the time of execution of the warrant, it was discovered that the front and rear door of the residence was fortified by 2x4's, which were placed mid-door and held by metal brackets. Based on my training and experience, I know that individuals that traffic and store controlled substances from and within their residences often fortify the residence and possess firearms to protect themselves, their controlled substances, and their drug proceeds.

9. The house contained 2 bedrooms, one in the front and one in the rear of the house, a makeshift bedroom in the dining room, and a bedroom in the basement.

10. Upon lawful entry, law enforcement located three residents: Antonio STEWART, his sister, Simone Stewart, and a two year-old child. Both Antonio STEWART and Simon Stewart were detained in the house while officers searched it.

11. Located in Simone Stewart's purse, which was on the floor next to the mattress on which she was sitting, was a key, which she stated was to her safe in the rear bedroom, an unlabeled prescription bottle containing what she claimed were 4 "Percs," 2 acetaminophen/codeine phosphate pills, and 2 oxycodone hydrochloride pills.

4

12. A Mercury Grand Marquis with no registration plates was parked and running in the front of the residence. Antonio STEWART stated that he borrowed the car from a drug dealer.

13. During the search of the residence, law enforcement recovered from the living room a metal baking sheet with a razor and suspected crack cocaine residue on a table and a digital scale.

14. Law enforcement recovered from the front bedroom several methamphetamine pills and powder on the mattress, totaling 1.38 grams; two cell phones on the mattress (a lawful extraction later revealed text messages consistent with drug trafficking); Antonio STEWART's jacket containing Antonio STEWART's identification card, debit card, and keys to the Mercury Grand Marquis; an aluminum cased, copper FMJ, 9mm Luger, "F C" (Federal cartridges brand); and a corner cut bag of marijuana weighing 0.63 grams between the mattresses. Additionally, law enforcement recovered a black and silver, .380 cal, Hi Point, semi-auto handgun bearing serial number P8138925 from the heat register. The firearm was loaded with one round in the chamber, with a total of seven "CCI 380 Auto" cartridges, gray colored casings wand copper FMJ bullets. The firearm was previously reported stolen.

15. Law enforcement located a Sentry safe in the rear bedroom. In the basement, law enforcement recovered another Sentry safe containing twenty-six individually packaged corner cut bags of crack cocaine, totaling 1.52 grams, which

packaging was consistent with "Nicks" or $5 quantities. Simone Stewart's safe key opened the Sentry safe located in the basement. Also recovered from the basement was a digital scale with suspected cocaine residue, a metal baking sheet with suspected crack cocaine residue, an open bag of sandwich bags, and several pieces of mail and paperwork for K.W.

16. On January 8, 2020, upon her arrest, Simone Stewart gave a recorded statement after being read her Miranda rights, which Simone Stewart stated she understood and agreed to waive. Simone Stewart admitted buying ½ to one eight ball of crack cocaine per day and packaging it into 130 "Nicks," which she sold from the house at $5 each. Simone Stewart admitted she sold "weed" from the house, and that Antonio STEWART also sold "weed" from the house. Simone Stewart further stated that she observed "Poochie," another occupant of the residence, fire a gun the previous day toward the east side of N. 16th Street, and return to the residence after the shooting.

17. On March 3, 2020, Antonio STEWART was charged in the Eastern District of Wisconsin with gun and drug offenses, in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(C), and 18 U.S.C. §§ 924(c), 922(g)(1), and 924(a)(2).

18. STEWART has previously been convicted of a felony, to include possession of marijuana, 2nd+ Offense, in Milwaukee County Case Number 2013CF1594, and manufacture/deliver cocaine, in Milwaukee County Case Number 2006CF4235.

19. On January 9, 2020, a Forensic Investigator processed evidence, to include the recovered firearm, for fingerprints and DNA. The collected DNA swabs containing potential DNA evidence were placed on inventory. The Investigator was unable to locate any latent fingerprints of comparative value.

20. During a *Mirandized* interview on the day of his arrest, STEWART provided written consent for law enforcement to obtain his DNA. After STEWART was indicted by a Grand Jury in the Eastern District of Wisconsin, he moved to suppress his confession on the grounds that it was involuntary. By Order dated October 23, 2020, United States District Judge J.P. Stadtmueller granted STEWART's motion to suppress his statement.

21. On December 7, 2020, United States Magistrate Judge Stephen C. Dries, issued a warrant for a Standard DNA Sample of STEWART. On December 8, 2020, law enforcement agents arrived at STEWART's residence to execute the warrant. Upon arrival, agents knocked on the door, and an unknown male answered the door but eventually closed it. STEWART was thereafter observed in a window. STEWART opened the window and confirmed his identity. The agents then asked him to come down because they had a warrant for his DNA, holding up the warrant for STEWART to see. STEWART indicated that he was going to call his attorney, retreated into the residence, and never exited.

22. A Standard DNA sample from Antonio L. STEWART is needed for comparison and/or confirmatory purposes.

23. Your affiant and/or another law enforcement officer involved in this investigation propose to use a buccal swab DNA kit to obtain the DNA exemplar of Antonio L. STEWART until an adequate sample is obtained.

**D. CONCLUSION**

23. Because this affidavit is only for the limited purpose of securing a search warrant, I have not set forth each and every fact known to me concerning this investigation. I have included what I believe are facts sufficient in establishing probable cause for the warrant sought.

24. Upon service, STEWART must provide the DNA sample forthwith.

25. Based upon the aforementioned, I believe that there is probable cause to believe that on the person known as Antonio L. STEWART, in the Eastern District of Wisconsin, there is now concealed certain property, namely saliva and epithelial cells that are evidence of the crime of felon in possession of a firearm and possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 924(c).

8